### HARVE ENNIS v. THE STATE.

Nos. 9574, 9575, 9576.   Delivered June 24, 1925.

**Burglary—Escape of Appellant—Appeals Dismissed.**

On March 9, 1925, pending his appeal in three cases of convictions for burglary, appellant escaped from the county jail of Bell county and has not since been recaptured or returned, up to March 31, 1925. The motion by the State to dismiss the appeal in all three cases is granted, and the appeals are dismissed. See Art. 912, C. C. P.

Appeal from the District Court of Bell County. Tried below before the Hon. Lewis H. Jones.

Appeal from convictions in three cases of burglary; penalty, in cause, 9574, nine years, in cause No. 9575, five years, and in cause No. 9576, four years in the penitentiary.

*J. W. Thomas,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Bell County of burglary, and his punishment fixed at nine years in the penitentiary.

The State moves to dismiss this appeal because of the escape of appellant from confinement, since conviction. The motion. is supported by the affidavit of the sheriff of said county showing that on the night of March 9, 1925, appellant escaped from his custody and has not since been recaptured or returned. The affidavit is dated March 31, 1925. Our statute provides for the dismissal requested, when there is such an escape and no return of the prisoner to the custody of the officer as provided in Art. 912, C. C. P.

The motion is granted and the appeal dismissed.

*Dismissed.*